IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MATTHEW HOGAN, | § | |
| *Plaintiff,* | § | SA-19-CV-00255-DAE |
| vs. | § | |
| SHERIFF JAVIER SALAZAR, BEXAR COUNTY, | § | |
| *Defendant.* | § | |

## **ORDER**

Before the Court in the above-styled cause of action is Plaintiff's Motion to Appoint Attorney [#11], which was referred to the undersigned for disposition. The record reflects that Plaintiff filed his *pro se* Complaint on March 12, 2019 and moved to proceed *in forma pauperis* in this action. The Court granted Plaintiff's motion and assessed an initial partial filing fee from Plaintiff's inmate trust fund due to his incarceration at the Bexar County Adult Detention Center. Plaintiff now asks the Court to appoint him counsel to represent him in this action. The Court will deny the motion.

Courts may appoint counsel pursuant to 28 U.S.C. § 1915(e)(1) in IFP proceedings. There is no automatic right to the appointment of counsel in a civil lawsuit. *Cupit v. Jones*, 835 F.2d 82, 86 (5th Cir. 1987). Rather, a district court has discretion to appoint counsel based on the type and complexity of the case presented and the abilities of the individual pursuing it. *Id.*; *Jackson v. Dallas Police Dep't*, 811 F.2d 260, 261 (5th Cir. 1986). Appointment of counsel in a civil case is considered a privilege, not a constitutional right, and should be allowed only in exceptional circumstances. *Lopez v. Reyes*, 692 F.2d 15, 17 (5th Cir. 1982) (citation omitted); *see Cupit*, 835 F.2d at 86. In evaluating whether the appointment of counsel is proper under §

1915(e), the district court considers the type and complexity of the case, the litigant's ability to investigate and present the case, and the level of skill required to present the evidence. *See Castro Romero v. Becken*, 256 F.3d 349, 354 (5th Cir. 2001). Plaintiff has not demonstrated that exceptional circumstances are present in his case or that, based on the record, appointment of counsel is appropriate under the applicable legal standards under 28 U.S.C. § 1915(e).

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Appoint Attorney [#11] is **DENIED**.

SIGNED this 4th day of September, 2019.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE